# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDREW LAMAR PITTS
d/b/a GODALLAH GLOBAL,

       Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES, LLC;
TRANS UNION, LLC;
CRIAG BOUNTY; MARK BEGOR;
and CHRIS CARTWRIGHT;

       Defendants.

Case No. 2:25-CV-11368

Hon. Brandy R. McMillion
United States District Judge

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 29)

Andrew Lamar Pitts is a *pro se* Plaintiff ("Mr. Pitts" or "Plaintiff") who brought claims under the Fair Debt Collections Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") against Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union, LLC (collectively, "CRA Defendants"), and Criag Bounty, Mark Begor, and Chris Cartwright (collectively, "Individual Defendants," and, together with the "CRA Defendants," "Defendants").

1

The Individual Defendants are current or former executive officers employed by CRA Defendants.

Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 29. The Motion has been adequately briefed, so the Court will rule without a hearing. *See* ECF Nos. 31, 33; E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, Defendants' Motion to Dismiss (ECF No. 29) is **GRANTED**.

## I.

In 2024 and 2025, Mr. Pitts submitted written disputes to CRA Defendants, alerting them of what he claimed to be inaccurate and false credit reporting entries on his consumer credit file. ECF No. 1, PageID.5; *see also* ECF No. 31, PageID.126. According to Mr. Pitts, the disputes identified "specific accounts and information that [he] believe[d] to be inaccurate, incomplete, or unverifiable, and included sufficient detail and documentation to allow Experian[1] to conduct meaningful investigation." ECF No. 31, PageID.126. Mr. Pitts claims that the CRA Defendants incorrectly reported his alleged debts without first verifying them with him and they falsely represented the details of some of his debts, including the amount owed and legal status of the debts. *Id*. at PageID.7.

---

[1] Notably, the Affidavit that Mr. Pitts submitted in support of his Response to the Motion to Dismiss, only address Defendant Experian Information Solutions, despite naming all three credit reporting agencies (including Equifax and Transunion) in his Complaint. *Compare* ECF No. 31, PageID.127 *with* ECF No. 1, PageID.2-3, 5.

2

Based on certified mail receipts and tracking information, Mr. Pitts reasonably believes CRA Defendants received his disputes yet continued publishing the disputed information. ECF No. 1, at PageID.7. He claims that the CRA Defendants also failed to provide him with proof of any investigation they conducted as to the disputes. *Id*. Furthermore, he alleges that the CRA Defendants acted as debts collectors by misrepresenting themselves as having authority to collect Mr. Pitts' debts, using false names and designations, and improperly communicating Mr. Pitts' debts to third parties. *Id*. at PageID.5.

On May 12, 2025, Plaintiff filed this action, alleging violations of the FDCPA and FCRA. *See generally* ECF No. 1. Defendants in turn filed a Motion to Dismiss the claims on August 6, 2025. *See* ECF No. 29. The Court has reviewed the Parties' briefs (*see* ECF Nos. 29, 31, 33) and finds oral argument unnecessary. Therefore, the Court will decide the Motion based on the record it. *See* E.D. Mich. LR 7.1(f).

## II.

When reviewing a 12(b)(6) motion, the Court must "accept all of the complaint's factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). The Court is ultimately deciding "whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will generally only look to the four corners of a complaint, and "materials attached to a motion to dismiss if they are referred to in the complaint and central to the claim." *Berry v. United States Dep't of Lab.*, 832 F.3d 627, 637 (6th Cir. 2016). While the Court must liberally construe pleadings of *pro se* litigants, it is not "constrained to accept '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

### III.

**A. PLAINTIFF'S FDCPA CLAIMS**

The CRA Defendants argue Plaintiff does not have an FDCPA claim because he cannot show that CRA Defendants fall within the statutory definition of "debt collectors." ECF No. 29-1, PageID.110-12. The Court agrees. But first, the Court notes Plaintiff's failure to respond at all to Defendants' argument as to why this claim

fails. *See generally*, ECF No. 31. In fact, Plaintiff does not mention the FDCPA claim in his Opposition to Defendants' Motion to Dismiss at all, thereby presumably abandoning it. *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To preserve [an] argument... the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it."). Thus, Plaintiff's failure to address the arguments to dismiss the FDCPA claims, on its own, warrants dismissal, regardless of the Court's liberal reading of Plaintiff's *pro se* Complaint. *Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1 (6th Cir. Aug. 22, 2018) (*quoting Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)) ("Although a *pro se* litigant is entitled to a liberal construction of her pleadings and filings, our standard of review requires more than the bare assertion of legal conclusions, and the 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'").

However, even if Plaintiff did not abandon his FDCPA claims, Defendants are correct that Plaintiff improperly brought these claims against consumer reporting agencies, which are not debt collectors. As the Sixth Circuit has already explained,

> "The FDCPA defines a debt collector as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' 15 U.S.C. § 1692a(6). But the statute also expressly excludes 'any person collecting

> or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained." *Id*. at § 1692a(6)(F)(iii).'"

*Ward v. NPAS, Inc.*, 63 F.4th 576 (6th Cir. 2023). Plaintiff does not—in the Complaint or his Opposition brief—explain how CRA Defendants are "debt collectors" as defined by the statute. *See generally* ECF Nos. 1, 31. Instead, he lists subsections of the statute such as 15 U.S.C. 1692e(10), and accuses "Defendants [of …] falsely represent[ing] themselves as having authority to collect debts without disclosing the identity of the original creditor[.]" ECF No. 1, PageID.5. However, he does nothing further to explain to the Court how CRA Defendants purported to be debt collectors.

Furthermore, the FDCPA "ties a defendant's 'debt collector status' not to what the defendant specifically did in a given case, but to what the defendant generally does." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480-81 (6th Cir. 2020). Defendants assert—and Plaintiff concedes through not opposing—that "it is well-settled that a credit reporting agency such as Experian, Equifax, Transunion, and Innovis are not a 'debt collector' under the FDCPA." ECF No. 29-1, PageID.110. In *Forgues v. Carpenter Lipps & Leland LLP*, the Sixth Circuit held that plaintiff "failed to allege facts showing that the October 23, 2015, letter was a 'communication in connection with the collection of [her] debt' under § 1692g [because] for a communication to be in connection with the collection of a debt, an

6

animating purpose of the communication must be to induce payment by the debtor." No. 17-4134, 2018 WL 11446410, at *3 (6th Cir. Nov. 7, 2018) (cleaned up). Here, at best, Plaintiff only alleges CRA Defendants improperly reported his debts—*not* that they attempted to collect them. ECF No. 1, PageID.5-6. That is not enough; therefore, the FDCPA claims are dismissed.

### B. PLAINTIFF'S FCRA CLAIMS

Next, Plaintiff alleges Defendants breached the FCRA. ECF No. 1, PageID.7. Specifically, he alleges Defendants (1) failed to delete unverifiable information pursuant to FCRA § 1681(a)(5); (2) failed to assure maximum accuracy pursuant to FCRA § 1681e(b); and (3) continued reporting after direct dispute pursuant to FCRA § 1681s-2(b). *Id*. Missing, however, are any specific allegations of which information was reported despite being unverifiable. *See Dickens v. Trans Union Corp.*, 18 Fed.Appx. 315, 318 (6th Cir. 2001) (cleaned up) ("[A] plaintiff has failed to carry his initial burden if a court finds that the information contained in a challenged credit report was accurate on its face, or put somewhat differently, 'technically accurate.' That is, a credit reporting agency satisfies its duty under section 607(b) if it produces a report that contains factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect.").

The same gap exists in Plaintiff's § 1681e(b) claim. *Spence v. TRW. Inc.*, 92 F.3d 380, 382–83 (6th Cir.1996) (requiring a showing of inaccuracy as an essential

7

element of a claim under § 1681e(b) and clarifying that the FCRA "does not impose strict liability for incorrect information appearing on an agency's credit reports."). Finally, under the FCRA, a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *McKenna v. Dillon Transportation, LLC*, 97 F.4th 471, 474 (6th Cir. 2024) (quoting 15 U.S.C. § 1681s-2(a)(1)(A)). The Complaint does not include anything but a singular conclusory allegation that Defendants breached this provision—which is insufficient.

Nor does anything in Plaintiff's Opposition to Defendants' Motion to Dismiss cure the pleading issues with the FCRA claims. ECF No. 31, PageID.123-124, 127. Plaintiff merely reiterates that Defendants "fail[ed] to conduct a reasonable reinvestigation of Plaintiff's disputes in violation of § 1681i." *Id.* The FCRA claims are therefore insufficiently pled and thereby dismissed.

Moreover, and as Defendants correctly assert, Plaintiff improperly brought FCRA claims against the Individual Defendants based solely on their employment by CRA Defendants. *See Hahn v. Star Bank*, 190 F.3d 708, 714 (6th Cir. 1999) (dismissing FCRA claims against individual defendants because "an employee of a corporation has no personal liability for the torts of the corporation unless the individual personally participated in the challenged actions."). Given Plaintiff has

not alleged any such personal participation by Begor, Bounty, or Cartwright, the FCRA claims are dismissed against each of them as well.

## IV.

Accordingly, Defendants' Motion to Dismiss (ECF No. 29) is **GRANTED,** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*This is a final order that closes the case.*

Dated: December 5, 2025　　　　　　　s/ Brandy R. McMillion
　　　Detroit, Michigan　　　　　　　　Hon. Brandy R. McMillion
　　　　　　　　　　　　　　　　　　United States District Judge